Complaint

FILED
IN CLERKS OFFICE

2012 APR 12  A 10: 52

U.S. DISTRICT COURT
DISTRICT OF MASS.

United States District Court
For The District Of Massachusetts

FREDERICK ROBERT CROSS JR., Plaintiff,

v.

NORTHEASTERN UNIVERSITY
DAVID HALL,
DANIEL J. GIVELBER,
WILLIAM H. HULSEY,
Defendants.

No.

Complaint and Claim for Jury Trial.

Frederick Robert Cross Jr., PRO SE, 205 Washington Street, Brookline, Massachusetts 02447; Post Office Box 785 Brook- Line, Massachusetts 02447, Tel. (617) 696-2019..

Plaintiff Frederick Robert Cross Jr., ( hereinafter "Plaintiff"), by PRO SE, for its Complaint against Denfendants Northeastern University, David Hall, Daniel J. Givelber, William H. Hulsey, Joel Seligman, Emiley A. Spieler, Vincent J. Lembo, and Linda Allen (hereinafter "Defendant" ) states the following : Allegations made on behalf are premised on the belief that the same are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery,

## JURISDICTION AND VENUE.

1. This Court has jurisdiction o this action pursuant to 28 U.S.C., section 1337, ( Pendant Jurisdiction ) a federal court doctrine wherby both Federal and Non-Federal grounds for relief as in this case, Pendant Jurisdiction is codified applies to both Federal and State statues of Massachusetts under 28 U.S.C.A.. This case is also under Federal Laws 28 U.S.C. section 1331 and under Massachusetts State Diversity of citizenship, 28 U.S.C. section 1332. The amount in question herein exceeds $ 75,000.00. Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. section 1391 (b) and (c).

## NATURE OF THE ACTION.

2. This civil action sets forth claims for Massachusetts Civil Statute of Limitations (Injury to Person), Chapter 260, section four (4), - three years ; the U.S. Department of Education's (F.E.R.P.A.) Family Educational Rights and Privacy Act, (34 CFR Part 99) and F.E.R.P.A. statute , 20 U.S.C. section 1232g (f) and (g) section 99.20 ( Subparts A ,B,C,D, and E); 99.64 (c)); 99.5 (c) (authority 20 U.S.C 1232g (d); (authority 1232g (a)(3); 99.3 (1)(5) and 42 U.S.C. Section 1985 (3).

1.

## NATURE OF THE ACTION (Continued).

This civil action continues to set forth claims for : Massachusetts Rule of Civil Procedure 55 (b)(1); Federal Rules of Civil Procedure rule (60) (b) (4); ; 42 U.S.C. section 1981 claim of Race Discrimination of Title V11; The American Bar Association 's Standard Rule 304 (c); The A.B.A. 's Rule 305 (7) and 42 U.S.C. section 1983.

## THE PARTIES.

3. The Plaintiff, Frederick R. Cross Jr. is a graduate of Northeastern University who received a Bachelor of Science Degree in Criminal Justice there and a former upper-class third year law student also from Northeastern University School of Law who resides in Brookline, Norfolk County, Massachusetts with his wife Robin and their three minor daughters.

4. The defendant Northeastern University is a corporation organized under the laws of the Commonwealth of Massachusetts with its usual place of business at 400 Huntington Avenue, Boston, Massachusetts, 02115, Suffolk County. The defendants David Hall, Daniel J. Givelber, William H. Hulsey, are sued in their corporate and individual capacities.

## Allegations.

5. Plaintiff went to Norheastern University to arrange a meeting with Northeastern University's President Joseph Aoun at his office. The Plaintiff had requested an appointment with the President to resolve Inaccuracies Northeastern Law School and their Registrar's Office made on his law school transcript with Documentary Supporting Evidence Plaintiff presented, so that Plaintiff would receive the law degree with the Eligibility to take the Bar Examination.

6. Plaintiff as a former upper-class third year student, for valid reasons, voluntarily withdrew with 96 credit quarter hours, 99 credit quarter hours were then required for graduation in order to receive the Juris Doctorate Law degree. Currently the requirement is 103 credit quarter hours for the Juris Doctorate Law degree from Northeastern University School of Law. (See Exhibits A1 & A2).
Plaintiff enrolled in Northeastern's University Evening College in the PARALEGAL PROFESSIONAL CERTIFICATE PROGRAM and graduated with 12 credit quarter hours with a "B" average and a commendation letter from the Paralegal Program Manager which stated the following : " Thank you for your excellent participation in our intensive training Program."
The 12 credit quarter hours added to the 96 law transcript credits earned, would be more than enough for the current 103 credit quarter hours required today. Only 7 credit quarter hours would be required (copies of the Paralegal Program Manager's commendation letter, Paralegal Certificate Transcript and the Paralegal Professional Certificate Program's Verification of Enrollment are attached as Exhibits B1, B2 & B3).

7. Plaintiff wants to have the 12 quarter credits added to his earned 96 quarter credits from law school to receive the law degree.

8. The Plaintiff is asserting his Legal Rright of Pendant Jurisdiction, 28 U.S.C.A., section 1367, a federal court doctrine and non-federal grounds for relief as in this case, Pendant Jurisdiction is codified to both federal and state statutes of Massachusetts under 28 U.S.C.A..

9. This Pendant Jurisdiction case is under Federal 28 U.S.C.A., section 1331 and under Massachusetts state Diversity, 28 U.S.C.A., section 1332. Jurisdiction under 28 U.S.C.A. section 1367, in the United Mine Workers of America vs. Gibbs 383 U.S. 715, 86 S. Ct: 1130, 16 L Ed. 2d. 218 (1966). as is in this case, the court requires that " (1) there must be a federal claim whether from the Constitution, federal statute, or treaty " and " (2) the non-federal claim arises from a common nucleus of operative fact such that a plaintiff ordinarily be expected to try them in one judicial proceeding."

## Allegations (continued).

10. This Civil action sets forth claims for Massachusetts Civil Statute of Limitations on personal injuries Plaintiff received under Chapter 260 section 4- 3 years from April 12, 2009. Plaintiff had received personal injury due to a rejection letter from Mr. Vincent J. Lembo, Northeastern's counsel and Vice President. Mr. Lembo stated in his letter that on March 17, 2009, Dean Emiley Spieler allegedly mailed a rejection letter by regular mail which the Plaintiff never received until Mr. Limbo, Vice President and University Counsel sent a copy of Dean Spieler's March 17, 2009 letter to the Plaintiff. A copy of Mr. Limbo's April 7, 2009 rejection letter and the U.S. Mail stamped envelope it came in, also dated April 7, 2009 on the outside of the envelope and a copy of Northeastern University School of Law's Dean Emily A. Spieler's March 17, 2009 letter Plaintiff received from Mr. Lembo, Vice President and University Counsel on April 12, 2009, (copies are attached as Exhibits C1, C2, & C3 ).

11. Previously on October 23, 2008 an appointment was made with President Aoun's Executive Assistant, Ms. Guszcza and the Plaintiff. The Plaintiff presented to Ms. Guszcza Physical Documentary Evidence ; the Proof that mistakes were made on Plaintiff's law school transcript, recorded in Northeastern's Office of the Registrar. Ms. Guszcza by telephone called the Office of the Registrar and ordered Plaintiff's law school transcript and she arranged a meeting on October 24, 2008 with Plaintiff and the law school transcript which the Office of the Registrar sent to her. The Plaintiff pointed to the Mistakes of the Improperly Recorded Grade in the Bill of Rights' course and showed that " Corporations II" course was listed TWICE. (See Exhibits D1 & D2).

12. Mr. Vincent J. Lembo, Northeastern University counsel and Vice President in his April 7, 2009 letter states that he was under the impression that Plaintiff's previous case against Northeastern University in Suffolk Superior Civil Court was " litigated " and " dismissed by the Superior Court ". Mr. Lembo's letter also stated : " this matter is now over ".

13. On January 15, 2009, Ms. Guszcza. Executive Assistant to President Joseph Aoun gave a letter to Northeastern's Law School Dean Emiley Spieler. The letter contents were two short sentences which stated the following :  " Enclosed are the materials provided to President Aoun and me as background information for his request. ( " his request " refers to the Plaintiff's request for the Law degree ) . " As we discussed, the President has asked that this matter be resolved by you. He will not interfere with your decision."( a copy of the letter is attached as Exhibit E ).

14. Plaintiff met with Northeastern' Law School Dean Spieler on March 4, 2009 and presented to her the same Phyical Evidence Plaintiff presented to President Aoun's Executive Assistant, Ms. Guszcza on October 24, 2008, clearly which Showed on Plaintiff's law school transcript the MISTAKE made by law professor Joel Seligman's recording the law course called 'Corporations II ,' LISTED TWICE BY MISTAKE. Here is the MISTAKE. One should be the 'Bill of Rights' course with the grade of 'P' for 'PASS' with 3 quarter credits. The Exhibits D1 & D2 on the official law school transcript shows this Evidence with <u>both the signatures of Law professor Mr. Joel Seligman listed TWICE</u> on the 'Corporation II' course.

15. On May 25, 1979, Plaintiff was informed by Northeastern's Law School 's Student Services that his name is added to the official Law School Graduation List and was given the 5 Graduation Invitations for family.( a copy is attached as Exhibit F ).

16. On May 26, 1979 , the Bay State Banner Newspaper printed Plaintiff's picture and background in the May 31,1979 editon for circulation to the public on May 31, 2009. It did appear as scheduled on the newsstands May 31, 2009.(a copy is attached as Exhibit G).

17. <u>The Improperly Recorded Grade for the 'Bill of Rights' course , number 88.962 and the Narrative Evaluation for the 'Bill of Rights' course are Missing</u> and are both a U.S. Department of Educations ( F.E.R.P.A.) Family Educational Rights and Privacy Act violations of the Plaintiff's Educational Student Rights under sections 99.32 (a) (1) and (3) (i)(ii) and " <u>the institution shall maintain records of past and present students</u>", is also a violation under section 99.32 (a) (1) authority 1232g (b)(1)&(b)(4).

18. Plaintiff on October 21, 1983 hired attorney Charles Ray Johnson,( now a Boston First Justice judge ) in a attorney-client written agreement to sue Northeastern University for the law degree. The retainer letter is dated October 21, 1983 and the U.S. Mail postmarking is stamped on the outside of the envelope October 22, 1983 (attached copy as Exhibits H1,H2 and H3).

19. Federal Rule of Civil Procedure rule 60(b)(4) states: ' A void Judgment carries no time limit'. In the previous Suffolk Civil Superior court case, F.R.C.P. rule 60(b)(4) applied December 16, 1999 when the Suffolk Civil court Disssmised the case between both parties who are in this case on Standing Rule 1-88, the court by the court's mistake thought that the ' Service of Process' was not done where in fact it was done timely and legally. The Summons and Complaints were issued on all Defendants on November 19, 1999. The Jaffe and Asher v. Van Brunt case ; the Klugh v. U.S. case, both courts affirmed : "Judgment is a void judgment if that court rendered judgment acted in a manner inconsistent with Due Process".The Crosby vs. Bradstreet Company case vacated Judgment as void 30 years after entry. All three court cases adds Merit to the Plaintiff's case in this Federal court.

3.

## COUNT ONE - VIOLATIONS OF FAMILY EDUCATIONAL RIGHTS AND PRIVACY ACT (20 U.S.C. SEC. 1232g (f) and (g) CFR PART 99.), (F.E.R.P.A.).

20. Plaintiff hereby realleges and incorporates by reference the allegations of paragraph 1 through 19 of this Complaint as if fully set forth herein.

21. Defendants violated the Plaintiff's student Due Process Rights under F.E.R.P.A.'s section 99.64 in which the defendants have a Legal Responsibility to students in general student's Judicially Imposed DUE PROCESS Procedures. Section 99.64 REQURIES the Defendants once Defendants had knowledge of allegations of the Plaintiff's student violations, to respond within 180 days (six months). Northeastern University NEVER responded to the deadline at any time. ( authority : 20 U.S.C. 1232g (f).

22. Defendants violated Plaintiff's Educational student - rights under section 99.5(c). which applies to Plaintiff Mr. Cross. Section 99.5(c) definition of a student is as follows : "An individual who is or has been a student at a educational Institution". (authority 20 U.S.C. 1232(d).

23. Defendants violated Plaintiff's student-rights under 99.3 (1)(5) which section 99.3(1) states : "Records that are kept in the sole possession of the maker". Plaintiff's 'Bill of Rights' course' Narrative Evaluation is Missing which would show if it was available, that the Plaintiff did 'Pass' with 3 quarter credit hours the ' Bill of Rights' course. Defendants are liable under F.E.RP.A.'s Federal Law to the Plaintiff Mr. Cross for this violation which allegedly may be A 'COVER-UP'.

24. Defendants violated Plaintiff's student-rights under section 99.20(b) which states : "The educational institution shall decide whether to amend the record as requested within a reasonable time after the institution received the request." (authority: 20 U.S.C. 1232g (a)(2). The Defendants ignored after the 180 days ( six month s ), Plaintiff's Legal Request to Amend Plaintiff's Records which by no response for this request fron the Plaintiff, Defendants vilolated Plaintiff's Constitutional rights under The U.S. Department of Education 's Federal F.E.R.P.A. 's Regulations.

## COUNT TWO - VIOLATIONS OF MASSACHUSETTS STATE COURT PROCEDURES ( Massachusetts Rules of Civil Procedure Rule 55 (b)(1) ).

25. Plaintiff hereby realleges and incorporates by reference the allegations of 1 through 24 of this Complaint as if fully set forth herein.

26. Defendants deceit and mocker y of the Massachusetts Rules of Civil Procedure rule 55(b)(1) 'PLAINTIFF'S REQUEST FOR DEFAULT JUDGEMENT ' was filed by the Plaintiff's attorney in the previous Suffolk Superior Civil Court case on March 28, 1999 when the Defendants ignored Court Required Procedure for filing the 'Responsive Pleading ' which by Law has to be ' filed 20 days from receipt of the Pleading calling for a response. Defendants in the previous case filed their ANSWER on December 17, 1999 as the court records in the Civil Clerk's Office at Suffolk Superior court . The Docket Number for this previous Suffolk Superior Civil Court case is SUCV1999 - 04041, Cross Jr., vs. Northeastern University - Et Al.

27. Plaintff's attorney filed 'PLAINTIFF'S REQUEST FOR DEFAULT JUDGEMENT ' .on March 28, 2000 for the Total amount due then of $ 241,905.00 due to the Plaintiff Legally. Massachusetts Rule of Civil Procedure rule 55(b)(1) states : " May enter only for a sum certain or for a sum which can by computation be made certain ". Plaintiff does has a claim for this amount of $ 241,905.00 with interest .

4.

## COUNT THREE - VIOLATION OF CONSTITUTIONAL DUE PROCESS RIGHTS (Federal Rules Of Civil Procedure Rule 60 ( b)(4) ).

28. Plaintiff hereby realleges and incorporates reference the allegations of 1 through 27 of this Complaint as if fully set forth herein.

29. Rule 60 (b) (4) ' Carries No Real Time Limit '. Plaintiff's previous Suffolk Superior Civil court case, due to Defendants and their legal counsel , did not inform the court that ' Service of Process' was done timely and legally on November 18, 1999 .

30. Defendant's legal counsel had a legal duty and Professional Responsibility to inform the court Ethically when Defendants and their legal counsel on record had filed their Answer with the court which would prove Plaintiff's lawyer timely and legally by constable service, had served all Defendants with the 'Summons and Complaints ' on November 18, 1999. The court under the belief that Plaintiff did not do 'Service of Process ' 'DISMISSED' the Plaintiff's case because of Defendants dishonesty, fraud and deceit.

## COUNT FOUR - VIOLATION OF RACE DISCRIMINATION ( 42 U.S.C. Sec. 1981)

31. Plaintiff hereby realleges and incorporates reference allegations of 1 through 30 of this Complaint as if fully set forth herein.

32. Defendants violated Plaintiff's Civil Rights by intimidation and fraud so that he would not have the opportunity to enter the Legal Profession and bring Justice to practice Law. The Plaintiff is a African-American born in the United States of America and a United Stated Army veteran who served his country overseas and was Honorably Discharged who Defendants violated Plaintiff's Constitutional Due Process Educational student-rights ; manipulated his law school transcript records and then clearly prevented Plaintiff to assert his Constitutional Rights under F.E.R.P.A with the 12 quarter credits he earned from Northeastern University's own PARALEGAL PROFESSIONAL CERTIFICATE PROGRAM 's credits for the Juris Doctorate Law degree.

## COUNT FIVE - VIOLATIONS OF EQUAL PROTECTION TITLE VII ( 42 U.S.C.Sec.1983)

33. Plaintiff hereby realleges and incorporates reference allegations of 1 through 32 of this Complaint as if fully set forth herein.

34. Defendants use intimidation tactics by refusing Plaintiff to use the 12 credit quarter hours Plaintiff had earned Northeastern's Paralegal Professional Certificate Program so that he would receive the law degree which The American Bar Association has approved of under The American Bar Association' Standard Rule 304 ( c) when the Plaintiff in the year 1983 hired attorney Charles Ray Johnson to sue for Plaintiff's Law degree. This American Bar Standard rule states : 'A law school shall require that the course of study for the J.D. degree be completed no earlier tha 24 months and no later than 84 months after a student has commenced law study at the law school or a law school from which the school has accepted transfer credit. '

35. Plaintiff sued Defendants for his Law degree in 1983 before the 84 months ( 'seven years rule') set forth by the American Bar Association's Standard rule 304 (c).

36. Defendants wiilfully using deceitful tactics also violated plaitiff's student-rights by intimidation so that Plaintiff could not use his student- rights Plaintiff is legally entitled to under another American Bar Association Standard rule 305(7) which states : " a student can earn four (4) or more academic credits ". Defendants knew of these American Bar Association Standard Rules Plaintiff is entitled to under The Family Educational Rights and Privacy Act 20 U.S.C. section 1232g (f) and (g) and intentionally made attempts to illegally take away Plaintiff's Desire to Practice Law.

## COUNT SIX - VIOLATIONS OF EQUAL PROTECTION TITLE VII (42 U.S.C. Sec. 1985 (3)

37. Plaintiff hereby realleges and incorporates by reference the allegations of 1 through 34 of this Complaint as if set forth herein.

38. Defendants conspired to deprive Plaintiff 'a person of a protected, through actions based on some racial, or perhaps other class-based, invidiously discrimatory animus' under Equal Rights Protection in accordance with 42 U.S.C. section 1985 (3).

39. The elements for a claim of 42 U.S.C. section 1985 (3) are : (1) conspiracy ; (2) for depriving either directly or indirectly any person or class of persons of Equal Protection of the Law ; (3) " an act in furtherance of conspiracy ".

## RELIEF REQUESTED.

WHEREFORE, Plaintiff Frederick Robert Cross Jr., respectfully request that this court enter the following judgement :

1. Defendants be ordered to issue the Juris Doctorate Law degree with the Eligibility to take the Bar Examination.

2. Defendants be ordered to pay the 'PLAINTIFF'S REQUEST FOR DEFAULT JUDGEMENT,' under the Massachusetts Rules Of Civil Procedure rule 55 (b)(1) when the Defendants Defaulted.
The Total amount with interest, filed by Plaintiff's attorney on March 28, 2000 is still due from that previous case.

3. Plaintiff award be trebled on account of Defendant's willful and intentional conduct.

4. Defendants be ordered to pay Plaintiff's cost and interest.

5. Plaintiff be granted further Relief as the Court sees just.

6. The Plaintiff respectfully request for a Jury Trial on all issues so triable.

Date: 4/11/12

FREDERICK ROBERT CROSS JR.

*[signature]*